

**SO ORDERED.**

**SIGNED this 13 day of December, 2006.**

_____
A. Thomas Small
United States Bankruptcy Judge

_____

```
              UNITED STATES BANKRUPTCY COURT
            EASTERN DISTRICT OF NORTH CAROLINA
                     RALEIGH DIVISION


IN RE:                                    CASE NO.

MARTHA ANN HOLLOWELL                      06-01179-5-ATS

     DEBTOR
```

### ORDER ALLOWING DEBTOR'S MOTION
### TO SELL PROPERTY FREE AND CLEAR OF LIENS
### AND TO EMPLOY REAL ESTATE AGENT

The matter before the court is the motion filed by the chapter 13 debtor, Martha Ann Hollowell, to sell real property free and clear of liens. S.T. Wooten Corporation, which holds a judgment in the amount of $7,969.93 plus interest and costs that is a lien against a one-half undivided interest in the real property, objected. The debtor also seeks authorization to employ a real estate agent to conduct the sale. A hearing was held in Raleigh, North Carolina on December 5, 2006.

Ms. Hollowell filed a petition for relief under chapter 13 of the Bankruptcy Code on August 3, 2006. S.T. Wooten filed a secured proof of claim asserting a lien of $7,969.93 against the debtor's residence in Cary, North Carolina. S.T. Wooten's secured claim is based on a

judgment that it obtained on March 13, 2003, against James J. Gerow, who at that time was the owner, with Ms. Hollowell as tenants in common, of the debtor's Cary residence. Subsequently, on November 11, 2003, Mr. Gerow conveyed his interest in the property to Ms. Hollowell.

In an order dated November 9, 2006, the court ruled that S.T. Wooten had a valid secured claim on the real property, but that the secured claim only extended to the one-half undivided interest that Mr. Gerow owned at the time that the judgment lien became effective. Furthermore, the court stated in the order that "a sale of the real property and apportionment of the proceeds is the best way to deal with S.T. Wooten's secured claim." Order of November 9, 2006 at p. 2.

S.T. Wooten argues that the debtor cannot sell the property unless S.T. Wooten's secured claim is paid in full. According to S.T. Wooten, at the time that Mr. Gerow transferred his one-half interest in the property to Ms. Hollowell, there was sufficient equity in the real property to pay S.T. Wooten's claim in full. Consequently, S.T. Wooten contends that its claim must be paid in full and, if it cannot be paid in full, that the sale should not be authorized under § 363(f). The debtor acknowledges that the proceeds from any sale may not be sufficient to pay S.T. Wooten's secured claim in full, but maintains that payment in full is not required under § 363(f).

Real property may be sold free of liens only if one of the five provisions of 11 U.S.C. § 363(f) is met. Three of those provisions

clearly have not been satisfied. S.T. Wooten has not consented to the sale as required by § 363(f)(2); the debtor cannot show that the sale will satisfy the lien in full under § 362(f)(3); and S.T. Wooten's lien is not the subject of a bona fide dispute under § 362(f)(4). However, the sale does meet the requirements of both §§ 363(f)(1) and (f)(5), and that is a sufficient basis to justify proceeding with the sale.

A sale free of liens is permitted by § 363(f)(1) if "applicable nonbankruptcy law permits sale of such property free and clear of such interest." The applicable nonbankruptcy law in this case is North Carolina real property law.

North Carolina law permits the sale or partition of land held by tenants in common. See N.C. Gen. Stat. § 46-22 (2005) (discussing the bases for sale in lieu of partition); see also, e.g., Brown v. Boger, 263 N.C. 248, 256, 139 S.E.2d 577, 582-83 (1965); Chamberlain v. Beam, 63 N.C. App. 377, 380, 304 S.E.2d 770, 773 (1983). Although the property is no longer held by tenants in common, partition or sale is still necessary for S.T. Wooten's lien on a one-half undivided interest to be satisfied. Because the property is now held entirely by Ms. Hollowell, there is no reason to prefer partition to sale, and Ms. Hollowell's motion to sell free and clear of liens should be allowed.

A sale free of liens is permitted by § 363(f)(5) if "such entity [S.T. Wooten] could be compelled, in a legal or equitable proceeding, to accept a money satisfaction of such interest." In effect, a sale

3

authorized under North Carolina law to realize an undivided interest in property, such as is held by S.T. Wooten, would compel the holder of the interest to accept a money satisfaction from the proceeds of the sale in satisfaction of that interest.

S.T. Wooten's argument that its claim must be paid in full because the value of the real property at the time Mr. Gerow conveyed his interest to the debtor was sufficient to satisfy its claim is not persuasive.  S.T. Wooten's judgment lien reaches only the undivided one-half interest that Mr. Gerow formerly owned, and the amount that can be realized on that judgment is not determined by the value (high or low) at any point in time prior to the filing of the bankruptcy petition.  If the debtor were going to keep the real property and pay the secured claim through her plan, the court would value the one-half undivided interest as of the date of the bankruptcy petition.  However, the debtor does not intend to keep the property, and the best way to ascertain the amount to which  S.T. Wooten is entitled is through a sale as proposed by the debtor in her motion.

The debtor's motion to sell the property free and clear of liens, and to employ McHugh & Associates Realty as a real estate agent to conduct the sale, is **ALLOWED**.

**SO ORDERED.**

**END OF DOCUMENT**